ALBERT B. SAMBAT (CABN 236472)
CHRISTOPHER J. CARLBERG (CABN 269242)
MIKAL J. CONDON (CABN 229208)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 941092
Tel: 415.934.5300 /Fax: 415.934.5399
albert.sambat@usdoj.gov

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
ERIC C. SCHMALE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
eric.schmale@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br><br>RYAN HEE; and VDA OC, LLC, formerly<br>ADVANTAGE ON CALL, LLC,<br><br>                Defendants. | Case No.:  2:21-cr-00098-RFB-BNW<br><br><br>**NOTICE OF SUPPLEMENTAL<br>AUTHORITY** |

# INTRODUCTION

The United States by and through the undersigned attorneys hereby files this notice to bring to the Court's attention a recently decided opinion that supports its Opposition (ECF 47) to Defendant VDA OC's Motion to Dismiss (ECF 37).[1] On November 29, 2021, the district court issued an order in *United States v. Jindal et al.*, 4:30-cr-00358-ALM-KPJ (E.D. Tex. Nov. 29, 2021)—attached to this Notice as Exhibit A ("*Jindal* Order")—denying a motion to dismiss an indictment charging the defendants with a *per se* Section 1 Sherman Act violation for conspiring to fix wages. *Jindal* Order at 1-2. This case was cited by defendants in their motion and during oral argument. ECF 37 at 7. In denying the motion to dismiss, the district court in *Jindal* rejected the defendants' arguments that the indictment's allegation of wage fixing did "not identify a *per se* Sherman Act violation" and violated "due process under the Fifth and Sixth Amendments because they did not receive 'fair warning' the conduct was criminal, and the *per se* designation improperly promotes a presumption of intent." *Jindal* Order at 7. This supplemental authority is relevant to defendants' motion currently under submission with the Court because the *Jindal* court's analysis in rejecting the challenges to the *per se* allegations in that case applies with equal force to this one.

# ANALYSIS

## I.     The *Jindal* Court Held that the Labor Market Allegations Sufficiently Pled a *Per Se* Violation of the Sherman Act

According to the *Jindal* court, the core of the defendants' argument was "that the Indictment does not allege a price-fixing agreement because it '[a]t most[] alleges an agreement

---

[1] Codefendant Ryan Hee also joined VDA OC's Motion. ECF 39.

to fix wages.'" *Id.* at 8.  The defendants defined price fixing as fixing the price of a commodity, and argued that wages are not a commodity.  *Id.*

The *Jindal* court, citing decades of Supreme Court precedent, rejected the defendants' narrow view of price fixing and recognized that "the definition of horizontal price-fixing agreements cuts broadly."  *Id.* at 9.  The court also recognized that, ". . . price-fixing agreements come in many forms and include agreements among competing buyers of services," and that "[t]he Supreme Court has made clear that the Sherman Act applies equally to all industries and markets—to sellers and buyers, to goods and services, and consequently to buyers of services— otherwise known as employers in the labor market."  *Id.* at 10 (citing *Anderson v. Shipowners' Ass'n of Pac. Coast*, 272 U.S. 359, 361-65 (1926)).  The district court noted that "[o]ther courts have also recognized that wage-fixing conspiracies—or horizontal agreements among buyers in the labor market—are illegal *per se* like other price-fixing agreements."  *Id.* at 14.  The court also rejected the defendants' argument that these were all civil cases as a "distinction [that] is irrelevant," stating:

> Just because this is the first time the Government has prosecuted for this type of offense does not mean that the conduct at issue has not been illegal until now.  Rather, as these cases indicate, price-fixing agreements—even among buyers in the labor market—have been *per se* illegal for years. *Id.* at 15.

The arguments rejected by the *Jindal* court are analogous to defendants' challenges to the employee-allocation and wage-fixing conspiracy alleged in the *Hee* indictment.  Much like that of the *Jindal* defendants, defendants' motion ignores decades of precedent, including more recent civil non-solicitation and no-hire cases cited by the government in its Opposition, that upheld the application of the *per se* rule to price-fixing and market-allocation agreements including those affecting the labor market.  *See* Opposition, ECF 47 at 6-8.  Since price fixing and market allocation are both *per se* unlawful under the Sherman Act, this court should also reject

defendants' sufficiency challenge to the labor market conspiracy alleged in the indictment just as the *Jindal* court did.

## II.     The *Jindal* Court Held that There Was Sufficient Judicial Experience to Justify a *Per Se* Designation

The *Jindal* court stated, ". . . though no appellate court has ever specifically found that a price-fixing agreement among employers in the labor market is *per se* illegal [that] does not mean the Court is recognizing a new *per se* rule." *Id.* "[A] restraint that is 'tantamount to' *per se* unlawful conduct 'falls squarely within the tradition [sic] *per se* rule.'" *Id.* at 16 (citing *Catalano, Inc. v. Target Sales Inc.*, 446 U.S. 643, 648 (1980)). The court also found that "the Supreme Court has explicitly rejected arguments liked Defendants': '[T]he argument that the *per se* rule must be rejustified for every industry that has not been subject to significant antitrust litigation ignores the rationale for *per se* rules . . . .'" *Jindal* Order at 16 (citing *Maricopa Cnty.*, 457 U.S. at 351).

The *Jindal* court essentially rejected the same argument that defendants raise in their motion regarding supposed judicial inexperience. Much like the alleged wage-fixing conspiracy in the *Jindal* case, the employee-allocation and wage-fixing conspiracy in this case is a restraint that falls within a category of *per se* illegal conduct "tantamount to" market-allocation and price-fixing agreements that courts have consistently recognized as pervasively anticompetitive and a clear violation of the Sherman Act.

The district court in *Jindal* also rejected the defendants' argument—similarly advanced by defendants here (ECF 37 at 11-12)—that possible procompetitive benefits of the wage-fixing agreement should remove it from *per se* treatment: "Undeniably, 'Supreme Court jurisprudence is clear: where the *per se* rule applies, it is of no consequence that an agreement could potentially bring net economic benefits to some part of the market.'" *Jindal* Order at 16-17 (quoting *United*

*States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1277 (10th Cir. 2018)).  So too here.  Whatever defendants' purported rationale for fixing nurse wages and denying them mobility in the labor market, it is no defense to the *per se* violation alleged in the indictment and should be excluded at trial.

III.     **The *Jindal* Court Held that the Defendants' Fifth Amendment Challenges Failed**

The court also rejected the *Jindal* defendants' arguments that the indictment violated the Fifth Amendment's fair warning requirements.  *See* ECF 37 at 17.  The court observed that, "For more than 100 years, courts have repeatedly held price fixing as *per se* illegal under the Sherman Act." *Jindal* Order at 8 (citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 218 (1940)).  The court held that, "Regardless of whether the Indictment characterizes Defendants' conduct as wage fixing or price fixing, the Sherman Act, in conjunction with decades of case law, made it 'reasonably clear' that Defendants' conduct was unlawful." *Jindal* Order at 20. The court also stated, ". . . the Supreme Court has long recognized that § 1 categorically prohibits *per se* unlawful restraints across all markets and industries—including restraints on the buyer side and in the labor market . . ." and that ". . . decades of precedent gave Defendants more than sufficient notice that agreements among competitors to fix the price of labor are *per se* illegal." *Id.* at 21.  As the *Jindal* court put it, the fact "that 'no court has found that purported wage-fixing agreements constitute criminal conduct under the Sherman Act' does not mean that Defendants' did not have fair notice"; specifically, the "'claimed novelty of this prosecution does not help [the defendants' fair notice argument], for it is immaterial that there is no litigated fact pattern precisely on point.'" *Id.* (quoting *United States v. Kinzler*, 55 F.3d 70, 74 (2d Cir. 1995)).

The same is true here.  Horizontal market allocation and price fixing have been *per se* illegal for well more than a century, and no-poach restraints specifically were subject to the same rule well before the defendants' alleged conspiracy began in 2016.  This gave the defendants more than sufficient notice of the illegality of their wage-fixing and employee-allocation conspiracy.

**IV.  The *Jindal* Court Held that the Defendants' Sixth Amendment Challenges Failed**

The *Jindal* court also held that settled precedent foreclosed the defendants' Sixth Amendment challenge to the constitutionality of applying the *per se* rule to the charged wage-fixing conspiracy.  The court held that the Fifth Circuit had rejected essentially the same arguments in *United States v. Cargo Serv. Stations, Inc.*, 657 F.2d 676, 681-84 (5th Cir. 1981), when it held: "Neither a conclusive nor a permissive presumption is at issue here" because "a finding of intent to fix prices [equates to] an intent to unreasonably restrain trade."  *Id.* at 683 n.7.  The Fifth Circuit's opinion in *Cargo Service* is similar to the Ninth Circuit's opinion in *United States v. Manufacturers' Ass'n*, which held that: "The *per se* rule does not operate to deny a jury decision as to an element of the crime" nor impose "an unconstitutional conclusive presumption."  462 F.2d 49, 50-52 (9th Cir. 1972).

//

//

//

//

//

//

//

## V.      CONCLUSION

The *Jindal* Order provides further support to the United States' Opposition.   For the foregoing reasons, defendant VDA OC's Motion to Dismiss (ECF 37) should be denied and the matter should proceed to trial as a *per se* case.

Respectfully submitted,

/s/

_____
ALBERT B. SAMBAT
CHRISTOPHER J. CARLBERG
MIKAL J. CONDON
Trial Attorneys
Antitrust Division
U.S. Department of Justice