KATHLEEN BLISS, ESQ. (NV-7606)
Kathleen Bliss Law PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, NV 89012
Office: 702.463.9074
kb@kathleenblisslaw.com
*Attorney for Defendant VDA OC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN HEE AND VDA OC, LLC,<br>FORMERLY ADVANTAGE ON CALL, LLC,<br><br>Defendants. | No. 2:21-cr-00098-RFB-BNW<br><br>**DEFENDANT VDA OC'S NOTICE OF INTENT TO CHANGE PLEA** |

**NOTICE OF INTENT TO PLEAD GUILTY**

Defendant VDA OC, LLC, by and through undersigned counsel, hereby gives notice to the Court that it intends to change its plea to a plea of guilty. There is no plea agreement. VDA OC, LLC intends to enter a plea of guilty to 15 U.S.C. § 1 – Conspiracy in Restraint of Trade, as charged in Count 1 of the Indictment. Subsequently, VDA OC LLC intends to litigate all sentencing issues at a future sentencing hearing.

//
//
//
//

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PLEA**

There is no plea agreement in this case. Defense counsel informed government counsel that Defendant VDA OC, LLC intends to plead guilty without a plea agreement to Count One in the Indictment. ECF No. 1. This memorandum is to aid the Court in informing the Defendant and ensuring that VDA OC, LLC makes a knowing and voluntary plea of guilty.

VDA OC, LLC is charged by Indictment with one count of Conspiracy in Restraint of Trade, a violation of 15 U.S.C. § 1.

## I. WAIVER OF RIGHTS

The Defendant understands that by entering a plea of guilty, it waives the following rights:

(a) to be represented by an attorney;

(b) to plead not guilty to any criminal charge brought against it;

(c) to have a trial by jury at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(d) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(e) to appeal its conviction if it is found guilty.

## II. PENALTY

The Defendant understands that the statutory maximum penalty which may be imposed against it on conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a) $100 million (15 U.S.C. § 1);

/ /

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

In addition, the Defendant understands that:

(a) under §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) under U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order the Defendant to pay restitution to the victims of the offense; and

(c) under 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the Defendant to pay a $400 special assessment upon conviction for the charged crime.

The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The Defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, the sentence must be appropriate based on consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

//

//

//

### III. ELEMENTS OF THE OFFENSE

The elements of the offense of Conspiracy in Restraint of Trade in violation of 15 U.S.C. § 1 are:

(a) the conspiracy described in the Indictment existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Indictment either affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

### IV. FACTUAL BASIS TO SUPPORT A PLEA OF GUILTY

Defendant will admit to the following facts which support the guilty plea:

During the period between October 21, 2016 and in or around July 1, 2017, the Defendant, through one of its employees, participated in a conspiracy with another contract healthcare staffing firm to suppress and eliminate competition for the services of nurses by agreeing to allocate nurses and to fix the wages of those nurses. In furtherance of the conspiracy, an employee of the Defendant engaged in a conversation and an email communication with a competitor. During this conversation and email communication, which both occurred on October 21, 2016, an agreement was reached to (1) allocate nurses between the Defendant and the competitor by not recruiting or hiring each other's nurses, and (2) fix the wages of those nurses by refraining from raising wages of those nurses.

During the relevant period, the business activities of the Defendant that are the subject of the Indictment were within the flow of, and substantially affected, interstate trade and commerce. Payments that the customer made to the Defendant for the services rendered by its employee nurses included federal funding from Medicaid.

//

//

Dated: September 1, 2022

Respectfully submitted,

By: /s/ *Carole S. Rendon*
Carole S. Rendon (*pro hac vice*)
Mary Pat Brogan (*pro hac vice*)

BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
crendon@bakerlaw.com
mbrogan@bakerlaw.com

Kathleen Bliss
KATHLEEN BLISS LAW PLLC
1070 W. Horizon Ridge Pkwy.,
Suite 202
Henderson, NV 89012
Office: 702.463.9074
kb@kathleenblisslaw.com
*Attorneys for Defendant VDA OC, LLC*

## **CERTIFICATE OF SERVICE**

I certify that I am an attorney with KATHLEEN BLISS LAW PLLC and that on this 1st day of September 2022, I did cause a true copy of:

**NOTICE OF INTENT TO CHANGE PLEA**

to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action.

By:   /s/ *Kathleen Bliss*
KATHLEEN BLISS LAW PLLC