ALBERT B. SAMBAT (CABN 236472)
CHRISTOPHER J. CARLBERG (CABN 269242)
MIKAL J. CONDON (CABN 229208)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 941092
Tel: 415.934.5300 /Fax: 415.934.5399
albert.sambat@usdoj.gov

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
ERIC C. SCHMALE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
eric.schmale@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VDA OC, LLC, formerly ADVANTAGE ON CALL, LLC,<br><br>Defendant. | Case No.: 2:21-cr-00098-RFB-BNW<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

## I. INTRODUCTION

VDA OC, LLC (formerly Advantage On Call, LLC) ("VDA") is scheduled to plead guilty on October 27, 2022 to a single criminal antitrust charge for its role in a conspiracy to suppress and eliminate competition for the services of nurses by agreeing to fix the wages of and to allocate nurses assigned to the Clark County School District ("CCSD"). As set forth in the parties' Rule 11(c)(1)(C) Plea Agreement, the United States recommends that VDA pay a $62,000 criminal fine, $72,000 in restitution, and a $400 special assessment.

## II. FACTUAL BACKGROUND

Beginning in or around October 21, 2016, and continuing until in or around July 1, 2017 (the "relevant period"), VDA was a limited liability company organized and existing under the laws of Ohio, with its principal place of business in West Chester, Ohio, and employed 50 or more individuals. VDA provided contract healthcare staffing services from its branch office in Las Vegas, Nevada.

During the relevant period, VDA, through its employee Ryan Hee, participated in a conspiracy with another contract healthcare staffing firm to suppress and eliminate competition for the services of nurses by agreeing to allocate nurses and fix the wages of those nurses. In furtherance of the conspiracy, Hee engaged in a conversation and an email communication with a competitor. During this conversation and email communication, which both occurred on October 21, 2016, an agreement was reached to (1) allocate nurses between VDA and the competitor by not recruiting or hiring each other's nurses, and (2) fix the wages of those nurses by refraining from raising wages of those nurses. During the relevant period, the volume of commerce corresponding to the wages paid to the affected nurses was $218,016.

During the relevant period, the business activities of VDA and its co-conspirator that are the subject of the Indictment were within the flow of interstate trade and commerce. The

payments made to and from VDA for the services rendered by its nurses traveled in interstate trade and commerce. The payments that CCSD made to VDA for the services rendered by its employee nurses included federal funding from Medicaid.

## III. PLEA AGREEMENT TERMS

The primary terms of the proposed Rule 11(c)(1)(C) Plea Agreement are as follows:

- VDA will pay:
  - a criminal fine of $62,000;
  - $72,000 in restitution; and
  - a Court-ordered special assessment of $400.
- There are no aggravating or mitigating circumstances justifying a departure under U.S.S.G. §5K2.0;
- The parties recommend no term of probation; and
- The United States will not bring further criminal charges against VDA relating to acts committed before the date of signature of the Plea Agreement undertaken in furtherance of an antitrust conspiracy involving contract healthcare staffing services in Nevada.

## IV. GUIDELINES FINE CALCULATIONS AND RESTITUTION

### A. Criminal Fine

The sentencing guidelines provide a two-step process for determining the guidelines range for organizations such as VDA that are not operated primarily for criminal purposes. U.S.S.G. §§8C2.1-2.7. First, the court determines the base fine. *Id.* §8C2.4. Second, it calculates a culpability score, uses that score to determine minimum and maximum multipliers, and applies those multipliers to the base fine to yield a guidelines fine range. *Id.* §§8C2.5-2.7.

To calculate the base fine, U.S.S.G. §2R1.1—the applicable guideline for antitrust offenses—contains a special instruction for organizational fines stating that 20% of the volume of affected commerce should be used as a proxy for the pecuniary loss, which determines the base fine. *Id.* §§2R1.1(d)(1) and 8C2.4(b). The United States requests that the Court adopt the sentencing guideline calculations in the Plea Agreement, which calculate commerce based on the wages paid to the affected Advantage On Call nurses during the relevant charge period. This figure was determined through an analysis of the payroll records for the victim nurses obtained during the course of the investigation. Applying this methodology, the parties agree that the volume of commerce attributable to the defendant is $218,016, resulting in a base fine of $43,603 (=.2 X $218,016).

To determine the culpability score, the parties have agreed that the following guidelines calculations apply:

(a) **Base Fine[1]:** The base fine is 20% of the volume of affected commerce of $218,016 (§2R1.1(d)(1) and §8C2.4(b)): **$43,603**

(b) **Culpability Score**

i. **Base,** §8C2.5(a). Five points are assigned as a starting point for calculating the culpability score: **5**

ii. **Involvement in or Tolerance of Criminal Activity**, §8C2.5(b)(4). The parties have agreed that the organization had 50 or more employees and that an individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense: **+2**

iii. **Acceptance of Responsibility,** §8C2.5(g)(3): **-1**

---

1 Under U.S.S.G. §8C2.4(a), the base fine calculation would result in a higher base fine using the offense level fine table found in §8C2.4(d). However, because the Plea Agreement includes the payment of $72,000 in restitution, the government recommends in the interest of justice that the base fine be calculated using the 20% volume of commerce proxy found in the special instruction.

(c) **Total Culpability Score:** **6**

(d) **Minimum and Maximum Multipliers,** §8C2.6.
Based on a culpability score of 6, the minimum multiplier is 1.2 and the maximum multiplier is 2.4: **1.2 – 2.4**

(e) **Minimum and Maximum Fine Range,** §8C2.7: **$52,324 – $104,647**

The parties have agreed to recommend that VDA pay a criminal fine of $62,000, which is within the applicable criminal fine range.

**B. Restitution**

The parties have also agreed to recommend that VDA pay $72,000 in restitution. The Court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3). In the proposed Rule 11(c)(1)(C) plea agreement, the parties have agreed to recommend that the Court order VDA to pay restitution to the nurses that it employed during the relevant charge period who were assigned to the CCSD. The $72,000 restitution is a negotiated amount comprising nearly a third of the agreed-upon volume of commerce as an estimate of the lost nurse wages from the conspiracy.

Moreover, the United States has met its obligations under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771 *et seq.*, by working with the U.S. Attorney's Office's Victim Witness Coordinator to provide timely notices via letter and email to the victim nurses apprising them of their rights under the CVRA and the Victims' Rights and Restitution Act ("VRRA"), 34 U.S.C. § 20141 *et seq.*, and providing them access to scheduling and event information about this case through the Victim Notification System (VNS). Through VNS, victims can obtain current information about this case through a dedicated website and a call center.

## V. CONSIDERATION OF SECTION 3553(a) AND GUIDELINES FACTORS

Section 3553(a) directs a court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in subparagraph two of Section 3553(a): the need for the sentence imposed to, among other things, reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence. Section 3553(a) further directs a court to consider additional factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.

The recommended $62,000 criminal fine—which is within the applicable guidelines range—reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, and is sufficient but not greater than necessary since it is commensurate with the size and scope of the defendant's involvement in the charged conspiracy. The fine holds the company financially accountable for its participation in a conspiracy that limited the mobility and pay of health care workers at the core of its business. It also achieves general deterrence by demonstrating that companies will be held liable for Sherman Antitrust Act violations committed by their employees in labor markets. Furthermore, this criminal fine will promote companies to implement effective compliance programs to deter employees from engaging in such collusive conduct in the first place. Moreover, the criminal fine is a just sentence because VDA has agreed to pay restitution to its employee nurses in the amount of $72,000, which would potentially obviate the need for them to undertake the trouble and expense of bringing parallel civil suits to recover damages.

The recommended criminal fine is also proportional and avoids unwarranted sentencing disparities since VDA is the only corporate defendant in this case and the fine calculation is based on the company's volume of commerce during the conspiracy, a methodology typically

used with corporate defendants in antitrust cases. The fine determination for VDA described above reflects this proportional approach.

Finally, none of the factors found in §8C2.8(a) of the guidelines warrant an upward adjustment in the fine range. VDA is addressing any civil obligations arising from its conduct by agreeing to pay restitution. *Id.* §8C2.8(a)(3). The government does not have any evidence of nonpecuniary loss caused by the conduct. *Id.* §8C2.8(a)(4). Nor is there evidence of a vulnerable victim. *Id.* §8C2.8(a)(5). Further, VDA does not have a history of any other misconduct. *Id.* §8C2.8(a)(7). Nor is there evidence of a criminal record for any of VDA's relevant employees. *Id.* §8C2.8(6). For these reasons, a within-guidelines criminal fine of $62,000 and restitution in the amount of $72,000 represents a fair, just, and reasonable resolution to the charge in this case

**VI. PROBATION**

Chapter 8, Part D of the sentencing guidelines addresses corporate probation. Probation is only mandatory when any of the circumstances outlined in subsection §8D1.1(a) are present. Consistent with the Plea Agreement, the government recommends that no term of probation be imposed in this instance because none of the factors in subsection §8D1.1(a) compel the government to make such a recommendation. Moreover, VDA has petitioned for dissolution and is no longer an entity engaging in ongoing business such that probation would serve a necessary purpose.

//

//

//

//

//

**VII. CONCLUSION**

For the forgoing reasons, the United States recommends that the Court accept the terms of the Plea Agreement and impose a criminal fine of $62,000, issue an order of restitution in the amount of $72,000, and impose a special assessment of $400.

DATED: October 20, 2022

Respectfully submitted,

*/s/ Albert B. Sambat*
ALBERT B. SAMBAT
CHRISTOPHER J. CARLBERG
MIKAL J. CONDON
Trial Attorneys
U.S. Department of Justice
Antitrust Division